## 31115. LITTLE v. THE STATE.

PER CURIAM.

On September 19, 1972, Henry Oliver Little was tried by jury, found guilty of murdering Mary Kathryn Cagle on May 22, 1972, and sentenced to life imprisonment. Motion for new trial was filed pro se in time. Pursuant to an order of this court entered February 11, 1976, the motion for new trial was heard and overruled. Defendant appeals, urging in his first enumeration of error that the trial court erred in charging the jury by shifting to him the burden of proof.

Defendant's confession to police, given after the Miranda warning, describes the event: "I have been knowing Mary Cagle for approximately ten or twelve years. We have been staying together about seven or eight weeks, most of the time in my car. We had a fight about a week ago. This was because she was dating a Negro. We went to Buck Little's old house around 2:00 p.m. on May the 21st, 1972 . . . We drank whiskey most of the day. We started to quarrel that evening about her dating colored people. She told me that she was not going to stop seeing them. We talked about it for a while longer before I started to choke her. I used my hands and did not put anything around her neck. I was sitting under the steering wheel, she was sitting on the passenger's side. She was still getting her breath when I quit choking her, then she started gasping for breath for about two minutes before

she slumped over between the front seats. I then drove over to Robert Little's house and told him what I had done and asked him to call the law."

Robert Little testified that when the defendant came to his house the defendant said that he had just killed Kathryn Cagle but that he did not mean to do it, and asked him to call the sheriff.

The medical examiner testified that although no autopsy was performed, in his opinion the cause of death was strangulation.

The defendant's testimony basically confirmed his confession except that he said that Mary Cagle talked to him after he stopped choking her and then all at once wilted over and started struggling.

After reminding the jury that the burden of proof is on the state, the court charged the jury as follows: "I further instruct you that if the State has shown the killing by this defendant, Little, on trial, of Mary Kathryn Cagle named in the indictment in the manner charged in the indictment, then, I charge you that the law presumes that the killing was done with malice and that the crime is murder and then the burden is then shifted to this defendant to justify the act of the killing or to show facts and circumstances of mitigation which would reduce the crime to a lower grade of homicide than that of murder or to show that he was not guilty of such crime."

The court then instructed the jury that the defendant could rely on any evidence in the case to carry this burden, the state's evidence, his own evidence or all the evidence, and insist that he has shown justification or mitigation. The court continued: "In other words, if the State has shown that this defendant on trial killed Mary Kathryn Cagle as charged in the indictment, that it was done by strangulation, and this defendant has not shown that the killing was justified or should be a lower grade of homicide, or if he has not shown to your satisfaction that he is not guilty, then, the defendant would be guilty of the crime of murder and you should convict him of that crime, if you should believe him guilty to a moral and reasonable certainty and beyond a reasonable doubt." The court next instructed the jury as to voluntary manslaughter.

The instructions given the jury in this case were that

the defendant must "show that he was not guilty" and that ". . . if he has not shown to [the jury's] satisfaction that he is not guilty, then, the defendant would be guilty of the crime of murder. . ." An indisputable tenet of our American system of criminal justice is that a person accused is presumed innocent until the state proves his or her guilt beyond a reasonable doubt. This standard does not allow a rule requiring that the defendant satisfy the jury that he is not guilty. The burden of proof is upon the state to prove the defendant guilty beyond a reasonable doubt, not upon the defendant to show that he is not guilty.

The evidence of the defendant's intent to kill Mary Cagle is not so overwhelming that we can say with the certainty that admits no reasonable doubt that a jury would have convicted the defendant even if he had not been required to prove he was not guilty of murder. Therefore, the error is not harmless.

We have examined defendant's other enumerations and find no error.

*Judgment reversed. All the Justices concur, except Gunter, J., who concurs in the judgment only, and Ingram and Hill, JJ., who concur specially.*

SUBMITTED MAY 11, 1976 — DECIDED SEPTEMBER 7, 1976.

*H. Clifton Conrad, Jr., Elliott R. Baker,* for appellant.

*C. B. Holcomb, District Attorney, Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellee.

HILL, Justice, concurring specially.

I concur in the opinion and judgment of the court. I would go further, however, because the jury was instructed that once the state proved that the defendant killed the deceased, the burden then shifted to the defendant to show facts or circumstances which would reduce the crime to a lower grade of homicide, namely voluntary manslaughter.

In Mullaney v. Wilbur, 421 U. S. 684 (95 SC 1881, 44 LE2d 508) (1975), the United States Supreme Court had before it the question of whether a state could require a defendant to establish by a preponderance of the evidence that he acted in the heat of passion on sudden provocation in order to reduce the crime of murder to the crime of manslaughter. The Supreme Court held that due process requires the state to prove the defendant guilty of murder beyond a reasonable doubt, and it was error to charge the jury that the defendant would be guilty of murder unless he proved himself to be guilty of the crime of manslaughter.

In the case before us the jury was instructed that the burden was on the defendant to justify the act of killing or show facts and circumstances which would reduce the crime of murder to a lower grade of homicide. They were instructed that if the defendant did not show that the killing was justified or should be a lower grade of homicide, then he would be guilty of murder. The jury instructions in this case violate the Mullaney decision.

The state argues harmless error, urging that a charge on voluntary manslaughter was not called for by the evidence and pointing out that the state's theory of the case was that the defendant was guilty of malice murder and the defendant's theory was that he was guilty of nothing. This statement of the state's *theory* undoubtedly is correct, but it overlooks the state's *evidence* that the defendant denied the intent to kill and the deceased was still breathing when the defendant quit choking her, along with the defendant's evidence that the deceased talked to him at that time. The evidence called for some instruction other than murder, the trial judge charged on voluntary manslaughter rather than involuntary manslaughter, and I cannot, under the circumstances, say that the charge was harmless error beyond a reasonable doubt.

I am authorized to state that Justice Ingram joins in this special concurrence.